**LAGONDA NATIONAL BANK OF SPRINGFIELD, Plaintiff-Appellee, v. ROBNETT et, Defendants-Appellants and HERR, Defendant-Appellant.**

No. 536.   Decided May 1, 1957.

4

Arthur J. Todd, Keifer & Keifer, Springfield, for plaintiff-appellee.

Durfey, Martin, Browne & Hull, Springfield, for defendants-appellants. (Frieds)

Lawrence E. Laybourne, George C. Collins, Springfield, for defendant-appellant. (Herr)

**OPINION**

By HORNBECK, PJ.

This is an appeal on questions of law and fact from a decree of the Common Pleas Court quieting the title of the plaintiff to the following tract of land:

"Situated in the City of Springfield, County of Clark, State of Ohio, and bounded and described as follows:

"Beginning at a point on the east line of Fountain Avenue 71 feet, more or less, from the southwest corner of Lot No. 55 in Demint's Plat of the City of Springfield (which corner is the intersection of the east line of Fountain Avenue and the north line of Main Street); thence north with the east line of Fountain Avenue 10 feet to the southwest

corner of the tract owned by Carl K. Fried, Jr.; thence east with the south line of last mentioned tract 59 feet to the southeast corner thereof; thence south 10 feet with the west line of land owned by Carl K. Fried, Sr.; thence west 59 feet with another line of premises owned by Carl K. Fried, Sr., and with the north line of premises of Lagonda National Bank to the place of beginning."

The petition avers that defendants, Robnett, and Tomlinson, their heirs and devisees, have pretended estates or interests in the premises described to the title of plaintiff which are unfounded claims and constitute clouds on the title of plaintiff to the real estate. That defendants, Carl K. Fried, Jr., and Nettie L. Herr, each claim a right and interest in the premises adverse to the plaintiff; that the defendant, Carl K. Fried, Sr., has an easement for a right-of-way on said strip of land described in the petition from his 22 feet of land abutting on the south of same, but has no other right or interest therein.

We hereinafter refer to the plaintiff as the Bank, to Robnett and Tomlinson as title owners, to Carl K. Fried, Jr., as Fried, Jr., to Carl K. Fried, Sr., as Fried, Sr., and Nettie L. Herr, as Herr.

Fried, Sr.'s, answer sets up his easement as alleged in the petition; Fried, Jr., answers and says that he has no claim or interest in the premises described in the petition adverse to the title asserted by plaintiff.

Herr answers, and after general denial, avers that she is the owner of 14 feet, a part of Lot 55, fronting on Main Street and extending north 99 feet and 14 feet in width "with all the privileges of using an alley ten (10) feet wide running from Fountain Avenue eastward in the rear of the Lagonda National Bank Building and the now Fried Jewelry Store." She further avers that "the ten foot strip of land described in plaintiff's petition and claimed by plaintiff is now and for more than fifty years has been a private alley and that her above described lot and building thereon is adjacent to the east end of said alley and that she and her predecessors in title have, in common with plaintiff and other owners of property adjacent to the alley, for more than fifty years continuously and without interruption or adverse claims thereto, had an easement for a right-of-way over and upon said alley and have used and occupied said alley for the purpose of the ingress and egress to and from their respective buildings to and from Fountain Avenue." She prays that her easement and right-of-way in and over the said alley be quieted against any adverse right, estate or interest of the plaintiff or any of the defendants herein; and for such other relief as equity and the nature of the case may require.

In answer to the cross-petition of defendant Herr, the Bank denies that Herr is the owner of the privilege of using the alley described in her answer and denies that she has any grant to any rights in said strip of ground by any deed or conveyance to her or her predecessors in title; denies that the strip has been a private alley and denies that the strip is adjacent to the land owned by Herr or that it abuts thereon

and denies any right of Herr to an easement in the strip by reason of adverse possession and says that although Herr has occasionally gone upon or over the strip with the consent of plaintiff, it has during more than fifty years last past, maintained an iron gate at the west end of the strip which it kept locked except when it had occasion to enter the same or when it allowed others to pass on, into or over it.

Upon trial had the Common Pleas Court found for plaintiff Bank, and quieted its title as prayed and found against defendant Herr on the issues drawn on her cross-petition.

The appeal comes to this court for trial de novo. Considerable testimony has been taken in this court which was not available to the Common Pleas Court Judge and this testimony in particular, affords facts which are helpful in resolving the issues which were not presented at the first hearing.

It is conceded by all parties that the record title to the strip of land described in the petition is in Robnett and Tomlinson, their heirs or devisees who are unknown.

It appears that the bank owns 37 feet of land part of Lot 55 fronting on Main Street and extending back of that width, 71.5 feet to the south line of the strip. Carl Fried, Sr., owns 28 feet adjacent to the Bank's land, fronting on Main Street, part of Lot 55, facing on Main Street the west line of which is the east line of the Bank, 22 feet of which extends north to the south line of the strip, six feet of which extends back 96-½ feet and extending to and along the west line of Herr. So that, there is a six foot piece of land between the west line of Herr and the east line of the strip.

In the conveyances through which the Bank took title, easements in the strip were granted which were described either, "Also all the right, title and interest of the grantor herein in the private right-of-way north of said premises," Deed of Bancroft to the Bank, 1910, or, "Also all the interest and right of the grantors herein in the private right-of-way north of said premises belonging to said Moore and other owners of part of said lot No. 55 in said city." (Deed Moore to Bank 1881.)

No defendant who has any title to land abutting the strip or land adjacent to that of the Bank is denying its claim in this action.

It is contended by the Bank that it made a prima facie case, that there being nothing to deny it, it is entitled to the relief sought. It is true, that if the testimony adduced, undenied and uncontradicted, meets the requirements of proof to establish the claim of the Bank that it is entitled to have its title quieted because of its adverse possession and use of the strip, it is entitled to the relief sought. However, the court must find, even though it is not denied, that its user of the strip under the facts appearing meets the requirements of the law to establish title by adverse possession.

The indicia of title to which the Bank refers are, the erection of gates at the west end of the strip which gates are on the south anchored to the building of the Bank and on the north to a building owned by

Fried, Jr., its retention of the keys to the gates, the erection of certain curbs and window ledges along the strip; the repair in three instances of part of the paving in the strip; the payment of taxes on the strip to the extent of the 37 feet frontage owned by the Bank.

The Bank has no door fronting on the strip. There is no direct evidence that the Bank erected the gates. The fact that at one end they are anchored to its building is some evidence that it erected them. However, they are also anchored at the other end to another building. That the gates have been where they are now located for more than 21 years is established and that the Bank had a key to the gates which it permitted those desiring to use the gate, including Herr, to use. However, there are other doors of iron along the strip in front of entrances to other premises abutting on the strip and there is an iron door similar in composition and appearance and age at the door of the property of Herr, facing on the six foot adjacent to the strip.

As late as 1934 in a deed Lagonda Citizens National Bank * * * to Lagonda National Bank * * * which recites that grantor is the same banking corporation formerly known as Lagonda National Bank, etc., conveying all of Lot 55 now owned by the Bank, an easement in the strip is granted as "all the right, title and interest of grantor herein in and to the **private** right-of-way north of said premises." (Emphasis ours.)

So that, there is no doubt that at the time the Bank took title to its premises, it had nothing more than an easement in the strip. "It is well established that a possession is not hostile or adverse if the entry is by permission of the owner, or the possession is continued by agreement; such an occupancy consequently confers no right. Avery v. Baum, Wright, 576; **Land v. Kennedy, et al, 13 Oh St 42; Dietrick v. Noel, 42 Oh St 18; Board of Education v. Nichol, et al, 70 Oh Ap 467.**

"Where a right to use is conferred by grant, any use reasonably consistent with such grant will be referable to such grant and will not be deemed adverse." **Kelley v. Armstrong, 102 Oh St 478.**

If this strip was an alley, or a right-of-way, it was a private alley or right-of-way (see deeds) intended not for the use of the public generally, but for those who had the right to its use. The erection of the gates was not necessarily inconsistent with that use, especially if the rights of other owners of parts of Lot 55 were recognized as they desired to open the gates and to use the strip.

Second syllabus **Gibbons v. Ebding, 70 Oh St 298:**

"The owner of the servient estate may use the land for any purpose that does not interfere with the easement, and in the absence of anything in the deed or in the circumstances under which it was acquired or used, showing that the way is to be an open one, he may put gates or bars across it unless they would unreasonably interfere with its use."

See also **Pavey v. Vance, 56 Oh St 173.**

The plaintiff's building housing a bank and the adjoining premises occupied as a jewelry store, both abutting on the easement, the erection

of the gates could very well be said to be appropriate and incident to the enjoyment of the easement by the owners of the dominant estate. Indeed, it is probable that they may have exercised that right even against the owners of the servient estate as long as such use did not interfere with the reasonable use of the strip by the owners. 17 Am. Jur. Easements, 993, et seq.

The encroachments on the strip placed by the Bank were minor in character and would not materially impair its use.

Concerning the repairs made by the Bank.

"The burden devolves upon the owner of the dominant estate, of making whatever repairs are necessary for his use of the easement. It is said by a learned author that "As a general proposition, whoever has an easement, like a right-of-way for instance, in or over another's premises, is the one to keep it in repair." Washburne on Easements, 730. And by another, that "Every grantee of a right-of-way, to be exercised and enjoyed over or through the land of the grantor, must himself repair the way, if he desires to have it repaired and kept in repair for his use, or if repairs are necessary to prevent the enjoyment of the right becoming an annoyance and nuisance to the owner of the servient tenement, unless the grantor himself has expressly undertaken the performance of that duty." Addison on Torts, 301-302. Opinion in **National Exchange Bank v. Cunningham, 46 Oh St 589.**

The payment of the taxes did not extend for the full period of 21 years. While none of these acts of plaintiff in the use of the strip alone is controlling, some of them may be held to be consistent with the Bank's use of the strip as an owner and undenied and uncontradicted will support a decree quieting plaintiff's title, and will have the effect of stabilizing the record title.

We come then, to the claim of Herr, that she is entitled either by grant or prescriptive use to an easement over the strip.

It is interesting to note that several of the conveyances introduced in evidence refer to the strip and to the right of the owners of any part of Lot 55 to its use. It is true, that it is doubtful if Herr, not owning any land abutting the strip can claim the right to use it by any grant to Herr or her predecessors in title in evidence. But it appears from the record that Herr had an easement in a right-of-way over the six foot strip adjacent to her west line and extending over to and abutting the strip on its east line. In Ohio, color of title is not necessary to the existence of title by adverse possession. **Paine v. Skinner. 8 Ohio 159; McNeely v. Langan, 22 Oh St 32; Humphries v. Huffman, 33 Oh St 395.**

If the record supports Herr's contention that she has established a prescriptive right to the use of the strip, then she is entitled to the relief sought in this action. The record, particularly as developed in the hearings before the Master in this Court, is to the effect that for the last five years, Herr's tenant, a proprietor of a shoe store has used the strip as an entrance and exit to receive large shipments of shoes, for movement from the store to a shoe repair shop along the line of the

strip and that the gates at the west end of the strip were opened by securing a key not from the bank, but from another owner along the strip. Of course, as pointed out by counsel for plaintiff, this particular user was not established for the requisite period of 21 years. However, the testimony of Miss Herr is corroborative to a degree of similar use of the strip for the requisite period. The Will of Mary E. Herr, of March 25, 1916, in connection with a devise therein describes property having a frontage of 14 feet on Main Street and adds: "with all the privileges of using an alley 10 feet wide running from Fountain Avenue eastward in the rear of the Lagonda National Bank Building and the now Fried Jewelry Store." It is probative of the fact that the use made of the strip was done under a claim of right by Mary E. Herr, and like user continued by Nettie L. Herr. Helen M. Leitschuh testified that in 1911, 12 or 13, or 13, 14 and 15, she was connected with the shoe store operated in the Herr building, that she recalled the alley, that it extended to the store; that it was used while she was there for the placing and disposal of trash which regularly would be picked up by a man who would come in through the alley. She states also that the gates were open in the daytime. Mr. Martin R. Kearns, Superintendent of a plumbing company, made experiments in the strip and, as an expert, testified that there was a gas line and a sewer line under the strip extending to and servicing the Herr property, the sewer extending to Fountain Avenue. Mr. Albert J. McGuire, a realtor, examined the physical aspects of the alley or right-of-way and said that it had an iron drain in the center thereof which drained toward Fountain Avenue; that the iron gates at the west end of the strip at Fountain Avenue and the gates on the Fried, Sr., building were similar in nature as was the gate at the Herr building; that they were about the same age; that a vent on the mezzanine door of the bank extended about 24 inches into the strip, about 18 feet above the surface thereof; that there are downspouts from the buildings extending about six inches into the driveway; that retaining wall back of windows in the basement of the bank about four inches high extended about 14 inches into the strip; that there is a step from a rear door in the Fried, Sr., building which extends into the strip about eight inches and the second step extends about 14 inches; that the rear door in the Herr building looks directly out into the strip, there is a step leading from it, downspout to catch basin at the top, which disappears into the driveway; a coal chute extending into the building; that the sewer extended west out of the building and into the strip. There were indications that there had been a former sewer line there extending in the same direction as the present one. That the gas lines come to the wall of the building into the basement and are extended into the strip; that the gas service comes through the alley to the Herr property. That there is an entrance to the shoe repair shop in the Fried, Jr., building from the alley; that there are three bay windows of this building extending into the alley. The witness describes many

other physical conditions indicative of the long use of the strip as appurtenant to the buildings abutting it. Mr. Edward Dannemann, District Plant Superintendent for the Ohio Fuel and Supply Company, testified that the gas service extending from Fountain Avenue through the alley to the Herr property had been there for forty or fifty years. It appears from later testimony of Mr. Green that the plaintiff, Bank, paid for cementing in the alley, in the amount of $17.60, done by Ohmart about 1908. The alley is continuous from Herr's door to Fountain Avenue and has the appearance of long use.

From this evidence which we have mentioned and other testimony in the record to which we do not allude, we are satisfied that defendant, Herr, has established the averment of her cross-petition; that she is entitled to an easement by prescription in the strip set out in plaintiff's petition; that she used the alley or strip openly as a matter of right and adversely to the owners for more than 21 years prior to the institution of the suit herein. **Pavey v. Bank, et al, 56 Oh St 162.**

It should be observed that the user by Herr necessary to her title by prescription to an easement in the strip need only be adverse to the owners of the strip who were Tomlinson and Robnett or their heirs or successors, and not to Fried, Sr., the Bank, or Fried, Jr.

The Bank was not in the status of title owner of the strip during the period of Herr's user thereof and prior to the decree quieting title in 1956. Upon the decree in this case the Bank's title to the strip dates back, as against the title owners, to its first adverse user. 1 Am. Jur. 797, 2 C. J. S. 805. But, Herr and her predecessors in title were asserting their right of user to an easement in the strip before, as early as 1841 or 1852, and during the ownership of the Bank in that part of Lot 55 in Demint's Addition adjacent to the strip and Herr's and the Bank's user was adverse to the title owners. And the user of the strip by the Bank was at no time inconsistent with or adverse to the easement of Herr. It was not inconsistent that Herr should be acquiring an easement in the strip during the time that the Bank was acquiring title by adverse possession. 2 C. J. S. Adverse Possession, 568, Par. 51; Adverse Possession, 646 Par. 89.

We hold that the plaintiff is entitled to a decree quieting its title to the strip as prayed in the petition; with the exception of an easement of Fried, Sr., to 22 feet, thereof, as set out in the petition and an easement of defendant. Herr, in the strip as prayed for in her cross-petition.

Decree accordingly.

WISEMAN and CRAWFORD, JJ, concur.